USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 30 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
ROBERT AVILA D/B/A CONSTANTINE      :
CREATIONS; AND MACHELLE SCHOMAKER D/B/A :
THING-A-MA-JIGS, on behalf of themselves :   11 Civ. 8125 (KBF)
and all others similarly situated,  :
                                    :        MEMORANDUM OPINION
                    Plaintiffs,     :        & ORDER
                                    :
        -v-                         :
                                    :
LEASE FINANCE GROUP, LLC, et al.,   :
                                    :
                    Defendants.     :
------------------------------------X

KATHERINE B. FORREST, District Judge:

Plaintiffs Robert Avila and Machelle Schomaker bring this purported class action against a number of defendants, asserting claims for consumer and common law fraud, false advertising, and breach of contract, among others, which arise out of purported fraudulently induced contracts for merchant card processing services.

Defendants Merchant Services, Inc., Universal Card, Inc., and Jason Moore (the "Merchant Defendants") have moved to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim or, in the alternative, for a stay pending resolution of a parallel action pending in the U.S. District Court for the Northern District of California.

1

For the reasons set forth below, the Merchant Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. Accordingly, the Court does not consider the Merchant Defendants' remaining arguments in support of dismissal.

## FACTS[1]

Plaintiff Avila is the only plaintiff with claims against the Merchant Defendants. (Compl. (Dkt. No. 1) ¶ 6; compare also id. ¶¶ 6, 71-81 with id. ¶¶ 7, 82-103.)[2] Plaintiff Avila asserts that he "owns and runs a small business known as Constantine Creations" which he has "maintained and operated" in "Covina, California, at all times alleged in th[e] Complaint." (Id. ¶ 6.)

It is alleged that defendant Merchant Services Inc. ("Merchant") is a California corporation, with its principal place of business there. (Compl. ¶ 17.) It is further alleged that Merchant also operates under the name or does business as Universal Merchant Services LLC ("Universal"),[3] which is also a California corporation with its principal place of business

---

[1] The facts recited herein relate only to the question of jurisdiction and do not go to plaintiffs' substantive allegations since the Court does not address the Rule 12(b)(6) arguments of Merchant Defendants' motion. Any other facts recited herein are taken as true for purposes of this motion only and are construed in the light most favorable to plaintiff.

[2] Sarah Teague, one of the original plaintiffs in this action, voluntarily dismissed her claims and withdrew as a class representative. (Dkt. No. 49.)

[3] According to the Merchant Defendants, Universal became the now-named defendant Universal Card, Inc. "prior to the beginning of the putative class period herein." (Merchant Defs. Mem. of Law in Support of Their Mot. to Dismiss or Stay (Dkt. No. 38) at 1 n.1)

2

there. (Id. ¶ 18.) Defendant Moore is alleged to be the President, Chief Executive Officer ("CEO"), and majority shareholder of both Merchant and Universal. (Id. ¶ 19.) The Complaint also asserts that "Moore or one or more of the shell companies he directs and controls" owns property at the same locations as Merchant and Universal in California. (Id.)

Plaintiff Avila alleges that a woman named Lisa, a purported sales representative for Universal, whom Avila met through a business group of which he was a member, arranged a meeting with him regarding his credit card processing rates and certain services related thereto. (Compl. ¶ 71.) Avila then purportedly signed what he understood was an application for credit card processing along with a machine for that process. (Id. ¶ 72.) It is alleged that the machine was delivered to Avila "[s]everal days later" (seemingly at his place of business in California), at which time Lisa informed him he should commence using it. (Id. ¶ 73.) Avila then alleges that starting in January 10, 2008 (with no indication as to the proximity in time to his commencement of usage), he was informed on a number of occasions, or discovered, that he would be--or already had been--charged fees and rates well in excess of those represented to him. (See generally id. ¶¶ 74-81.) There is no indication that any of the activities alleged in the Complaint

with respect to that transaction took place anywhere other than in California.[4]

DISCUSSION

A.   LEGAL STANDARD

Resolving jurisdictional questions requires a "two-part analysis"--first, to "determine whether, under the laws of the forum state . . ., there is jurisdiction over the defendant," and second, if so, whether exercising jurisdiction comports with federal due process. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). The burden of establishing jurisdiction over a defendant rests with the plaintiff. Hoffritz for Cutlery, Inc. v. Amjac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985); accord Gosain v. St. Bank of India, 414 Fed. Appx. 311, 314 (2d Cir. 2011). Absent conducting an evidentiary hearing or substantial discovery on the issue, a plaintiff need only make a prima facie showing of jurisdiction-- i.e., a showing of "legally sufficient allegations of jurisdiction." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001); see also Grand River, 425 F.3d at 165. Such a showing may be made through affidavits and other supporting materials. Id.; see also Gosain, 414 Fed. Appx. at 314. Necessarily then, the court may consider materials outside the

---

[4] Plaintiffs do not contend otherwise in their papers in opposition to the Merchant Defendants' motion to dismiss.

4

pleadings in deciding questions of personal jurisdiction. Sandoval v. Abaco Club, 507 F. Supp. 2d 312, 315 (S.D.N.Y. 2007). In considering the materials submitted on a Rule 12(b)(2) motion, a court should, as on a Rule 12(b)(6) motion, construe the pleadings and any submitted affidavits in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Whitaker, 261 F.3d at 208.

In diversity cases (via CAFA jurisdiction asserted here (see Compl. ¶ 3)), the court addresses the question of personal jurisdiction with reference to the laws of the forum state-- here, New York. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006). New York law provides for personal jurisdiction over nonresident individuals or corporations in two instances, as set forth by its Civil Practice Law and Rules ("CPLR") §§ 301 and 302(a)(1).

CPLR § 301 submits a nonresident party to personal jurisdiction if it is "doing business" in the state. See N.Y. C.P.L.R. § 301; Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000). The "doing business" standard that confers "presence" in New York for jurisdictional purposes (irrespective of whether the defendant has any New York contacts) is met if the defendant "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." Wiwa, 226 F.3d at 95. Plaintiff bears the burden of

establishing that the defendant engaged in "continuous, permanent, and substantial activity in New York." Id. (quotation marks and citations omitted).

Factors weighing on the "continuity" or "permanence" of a defendant's "doing business" in New York include whether the defendant: (a) maintains an office in New York; (b) has any bank accounts or property within the state; (c) has a phone listing within New York; (d) does public relations work or solicits business within the state; and (e) has employees or agents permanently located in New York. Wiwa, 226 F.3d at 98; see also Landoil Res. Corp. v. Alexander & Alexander Serv. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). Neither solicitation nor the presence of an office alone is dispositive of the defendant's "doing business" in New York. Landoil Res. Corp., 918 F.2d at 1043 ("[T]he solicitation of business alone will not justify a finding of corporate presence in New York . . . ."); In re Rationis Enters., Inc., of Panama, 2671 F.3d 264, 270 (2d Cir. 2001) ("While a local office may constitute a 'continuous and systematic' contact sufficient to allow a court to hold that a defendant subject itself to the general jurisdiction of the forum state, the presence of such an office is not dispositive." (citations omitted)). The court's determination of whether jurisdiction lies "is necessarily fact sensitive because each

case is dependent upon its own particular circumstances." Landoil Res. Corp., 918 F.2d at 1043.

CPLR § 302(a)(1), New York's "long arm statute," provides an alternate basis for the exercise of personal jurisdiction over a nonresident individual or corporation. Under the statute, a nonresident party may be subject to jurisdiction if (a) it "transacts any business within the state" and (b) the cause of action arose out of that transaction of business. CPLR § 302(a)(1); see also D.H. Blair, 462 F.3d at 104. "Physical presence" is not the hallmark of "transacting business"; rather, "as long as [a defendant] engages in purposeful activities or volitional acts through which he avails himself of the privilege of conducting activities within the State," a defendant has "invok[ed] the benefits and protections of its laws" such that he is subject to jurisdiction. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 169 (2d Cir. 2010) (internal quotation marks, citations, and alterations omitted); D.H. Blair, 462 F.3d at 104. But the statute is specific that jurisdiction may lie only where there is a "'substantial nexus' between the transaction of business and the claim." D.H. Blair, 462 F.3d at 104.

B. APPLICATION

It is evident from a comparison of the allegations against the Merchant Defendants to the legal standard set forth above

7

that plaintiff Avila has failed to make out a *prima facie* case of jurisdiction against the Merchant Defendants.  There is nothing evidencing a "continuity" or "permanence" of "doing business" in New York by any of the Merchant Defendants, nor does the Complaint allege plausibly that any of the Merchant Defendants are "transacting business" here or that the causes of action asserted arose in New York.  See CPLR §§ 301, 302.

Plaintiffs seek to overcome that clear deficiency in two ways.

First, they assert that they need have pleaded facts establishing personal jurisdiction, but that the burden is on *defendants* to affirmatively prove a lack of jurisdiction.  (Pls.' Br. in Opp'n to the Mot. of the Merchant Defs. to Dismiss the Compl. (Dkt. No. 45) ("Pls. Opp'n") at 6.)  That is simply a misstatement of the law.  As set forth above, the burden of establishing jurisdiction over the Merchant Defendants rests squarely with plaintiffs.  See Hoffritz for Cutlery, Inc., 763 F.2d at 57 (cited in Pls. Opp'n at 7); accord Gosain, 414 Fed. Appx. at 314.

Second, plaintiffs submit that Merchant and Universal "have been doing business in New York since at least 2006"--*i.e.*, prior to Avila's alleged transaction in 2007.  (Pls. Opp'n at 7.)  Neither the facts nor the law supports plaintiffs' contention in this regard.

8

Plaintiffs base that assertion on materials submitted in a wholly related action--<u>Gagasoules v. MBF Leasing, LLC</u>, 08 Civ. 2409 (E.D.N.Y.). (<u>Id.</u>) In connection with that case, a defendant there, MBF Leasing LLC ("MBF"), submitted a copy of the lease entered into between plaintiff Gus Gagasoules and MBF (the "Gagasoules Lease"). (<u>See</u> Decl. of Michelle M. Breit (Dkt. No. 47) ("Breit Decl.") Ex. B ("Decl. of Sara Kreiger, <u>Gagasoules v. MBF Leasing, LLC</u>, 08 Civ. 2409 (E.D.N.Y.)) at ¶ 7; Breit Decl. Ex. C (Gagasoules Lease).) Plaintiffs contend that because the Gagasoules Lease bears the footer "MerchantServicesMBFstd 8/04," the Court should infer that MBF and Merchant are one in the same and thus, that Merchant is "continuous[ly], permanent[ly], and substantial[ly]" "doing business" in New York. (Pls. Opp'n at 7.) However, plaintiffs overlook that the address listed for "Merchant Services" on the top of the Gagasoules Lease provides an address in Burr Ridge, Illinois--<u>not</u> in California. (<u>See</u> Breit Decl. Ex. C. at 1.) Plaintiffs' statement that MBF and Merchant are the same is simply insufficient to make it so.

As to Universal, plaintiffs state that because "UMS," the "Equipment Supplier" on the Gagasoules Lease, is listed as having the same address as defendants Universal and Merchant here, that must mean that it is one of Merchant or Universal's alter egos and thus, that Universal and Merchant were doing

9

business in New York because UMS was. (Pls. Opp'n at 7-8.) Plaintiffs go on to argue that because defendant Moore here is the Present, CEO and majority shareholder of Merchant and Universal, that the UMS link is enough for this Court to assert jurisdiction over him here. While the fact of the same address does raise some questions (as does the interchangeability of the use of Merchant Services and MBF on the Gagasoules Lease)--particularly in light of the severity of the allegations of fraud asserted here, it is insufficient to establish "legally sufficient allegations of jurisdiction." See Whitaker, 261 F.3d at 208. For this Court, mere questions do not--and cannot--create a jurisdictional hook over three defendants.

Even assuming that the facts regarding the Gagasoules Lease are true, that still would not form the basis for jurisdiction. All the Gagasoules Lease demonstrates is that one transaction--in a wholly unrelated matter--occurred in New York. That simply does not meet the "continuous" or "permanent" contacts necessary for personal jurisdiction under CPLR § 301(a), see Wiwa, 226 F.3d at 95, and or the "substantial nexus" between the "transaction of business" and the claim in this action for jurisdiction under CPLR § 302, see D.H. Blair, 462 F.3d at 104.[5]

---

[5] It is true that New York's long-arm statute confers jurisdiction where there was only a single transaction, but it only does so where there is "a substantial relationship between the transaction and the claim asserted." Newbro v. Freed, 337 F. Supp. 2d 428, 431 (S.D.N.Y. 2004).

Thus, plaintiff Avila has not met his burden of establishing a prima facie case of jurisdiction over the Merchant Defendants in this action, and the Court cannot allow this action to proceed against them.

The Court finds, however, that dismissal of the Merchant Defendants will not foreclose plaintiff Avila's avenue for recourse against them. As the Merchant Defendants assert--and plaintiff Avila does not dispute--there is a parallel putative class action proceeding in the Northern District of California against the same defendants, in which Avila may be a class member if a class is certified. (Merchant Defs. Mem. of Law in Support of Their Mot. to Dismiss or Stay (Dkt. No. 38) at 19-20, 22.) Although plaintiff Avila--or his counsel--may prefer to litigate his claims in this forum (see Pls. Opp'n at 14-15), Avila has failed to make out the requisite basis for jurisdiction allowing him to do so.[6]

## CONCLUSION

For the aforementioned reasons, defendant Merchant Services, Inc., Universal Card, Inc., and Jason Moore's motion to dismiss is GRANTED. The accompanying motion to strike plaintiffs' class action allegations is DENIED AS MOOT.

---

[6] Plaintiffs' request for jurisdictional discovery is denied because plaintiff has failed to make out a prima facie case that jurisdiction exists. See Best Van Lines Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007).

The Clerk of the Court is directed to terminate defendants Merchant Services, Inc., Universal Card, Inc., and Jason Moore.

The Clerk of the Court is further directed to terminate the motions pending at Dkt. Nos. 37 and 39.

SO ORDERED:

Dated: New York, New York
       May **30**, 2012

                                          Katherine B. Forrest
                                  UNITED STATES DISTRICT JUDGE